United States District Court
Southern District of Texas
**ENTERED**
March 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **DEYBIN JAVIER AGUILAR-QUINONEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00421** |
| | § | |
| **PAMELA BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Deybin Javier Aguilar-Quinonez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on March 17, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for over four years after he entered on or around October 16, 2021. (*Id.* at 10.) Petitioner was placed into expedited removal but claims that he did not receive a Credible Fear Interview (CFI) and was instead released into the interior of the United States. (*Id.* at 10, Attach. 6.)[1] On September 25, 2023, Petitioner filed an I-589, Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture (CAT). (Dkt. 1 at 10.) On November 3, 2025, Respondents dismissed Petitioner's Form I-589 because he was subject to an expedited removal order and then conducted a CFI. (*Id.* at 11.)

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 5

An asylum officer determined that Petitioner established a credible fear of returning to his home country of Nicaragua and he was again released into the United States. (*Id.*)

On or about January 27, 2026, Petitioner was reapprehended during a traffic stop in Florida and he was transferred to the Webb County Detention Center where he remains detained. (*Id.*) Petitioner argues that he is being unlawfully detained in violation of his rights under the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the Immigration and Nationality Act (INA). (*Id.* at 22–25.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id.* at 25.) The Court ordered Respondents to respond to Petitioner's petition on or before March 25, 2026. (Dkt. 5.) Respondents filed an Opposed Motion for Leave to File Response on March 26, 2025, which the Court granted after finding good cause. (Dkts. 8, 10.) Respondents subsequently filed a response arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because he is a noncitizen who was placed into expedited removal proceedings and was later released from custody on parole and then reapprehended.[2] (Dkt. 9 at 4.) Petitioner did not file a reply to Respondents' Response.

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498.

---

[2] Respondents do not indicate the way in which Petitioner was released from custody in their Response. (*See* Dkt. 9 at 2.) The Court assumes that Petitioner was paroled from custody because, with the exception of temporary parole under 8 U.S.C. § 1182(d)(5)(A), "there are no other circumstances under which aliens detained under [Section] 1225(b) may be released." *Jennings v. Rodriguez,* 583 U.S. 281, 300 (2018).

The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No.27 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who was paroled out of custody and into the United States and has since established ties through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory redetention of noncitizens who have been granted parole and subsequently established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate

3 / 5

remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 9), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.      Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 30, 2026.

_____
Diana Saldaña
United States District Judge